UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Michael P. Swanson,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Central Portfolio Control, Inc., a Minnesota corporation.<br><br>　　　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, I 5 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Michael P. Swanson is a natural person who resides in the City of Columbia Heights, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Central Portfolio Control, Inc. is a collection agency operating from an address of 10249 Yellow Circle Drive Suite 200, Minnetonka, MN, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

## FACTUAL ALLEGATIONS

6. In or about the year 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Firefly Credit Union, in the approximate amount of $3,372.27, which was used by Plaintiff for personal, family and household purposes.

7. The debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. On January 21, 2020, Plaintiff filed for Chapter 7 bankruptcy protection in United States Bankruptcy Court for the District of Minnesota. *See* USBC-MN File No. 20-40178-MER.

9. Firefly Credit Union was listed as a creditor in Plaintiff's bankruptcy petition and collection on Plaintiff's obligation was stayed on January 21, 2020 pursuant to 11 U.S.C. § 362(a)(6).

10. After filing for bankruptcy protection, Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

11. On or about February 19, 2020, Plaintiff received two collection letters from Defendant regarding the debt that Plaintiff allegedly owed Firefly Credit Union in the amount of $3,372.27. A true and correct copy of the collection letter is attached as "Exhibit A."

12. An employee of Defendant also called Plaintiff on March 5, 2020 and again on March 14, 2020 from the phone number of 952-540-4782 in an attempt to collect

the Firefly Credit Union debt.

13. Plaintiff became confused, frustrated and angry by Defendant's collection of a debt in violation of the Order for Relief issued by the United States Bankruptcy Court for the District of Minnesota pursuant to 11 U.S.C. §§ 301 & 362(a)(6).

14. This collection letter was an illegal communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. Defendant's letter was a false, deceptive and illegal attempt to collect this debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(l), amongst others.

16. The FDCPA prohibits collection practices that violate other state or federal laws. <u>Picht v. Jon R. Hawks, Ltd.</u>, 236 F.3d 446, 448 (8th Cir. 2001). The Bankruptcy Abuse Prevention and Consumer Protection Act prohibits, " any act to collect, assess, or recover a claim against the debtor that arose before [the bankruptcy case filing]." 11 U.S.C. §§ 301 & 362(a)(6).

17. The above-described illegal collection communication of harassing Plaintiff in an effort to collect this debt by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above cited provisions of the FDCPA, amongst others.

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(l); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## **VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper

Dated: August 20, 2020

Respectfully submitted,

**ATLAS LAW FIRM, LLC**

By: **s/Michael J. Sheridan**
Michael J. Sheridan, (#0388936)
2006 First Avenue North, Suite 206
Anoka, Minnesota 55303
Telephone: (763) 568-7343
Facsimile: (763) 400-4530
msheridan@atlasfirm.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF ANOKA       )

Plaintiff Michael P. Swanson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to *my* attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Michael P. Swanson

Subscribed and sworn to before me
this 26 day of August, 2020.

_____
Notary Public



TRAVIS JAMES KLEIN
Notary Public
Minnesota
My Commission Expires
Jan 31, 2024

6